***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Accordingly, the Full Commission hereby affirms the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pretrial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are correctly and properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and the subject matter.
2. The parties to this action are subject to the Act, and the plaintiff-employee was employed by defendant-employer on February 6, 1995, and Chubb Group is the carrier.
3. All parties have been correctly designated and there is no question as to misjoinder or non-misjoinder of parties.
4. Plaintiff is alleging and has filed this action on the basis of an injury by accident claim, and has expressly stipulated that Mr. Smith's heart attack was not the result of an occupational disease.
5. Both plaintiff and defendant stipulate that the deceased employee's average weekly wage on February 6, 1995 was $848.07.
6. The depositions of Gerald Galst, M.D., Ron A. Jewell, Bonita J. Peterson, M.D., and Michael Ellis are a part of the evidentiary record in this case.
 ***********
Based upon the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff-decedent, forty-eight (48) years old at the time of his death, was employed as a marketing representative for the Affinity Group of defendant-employer. Plaintiff's job involved the sale of mortgages.
2. On February 6, 1995, plaintiff traveled to Kansas City, Missouri to pursue a business lead for defendant. Plaintiff's flight was scheduled to arrive in Kansas City, Missouri at 4:49 p.m. Later that evening at approximately 11:45 p.m., plaintiff was exiting Harrah's Casino alone when he collapsed from a heart attack that resulted in his death. The enclosed casino exit ramp where plaintiff collapsed was a part of Harrah's Casino and plaintiff had not left the casino at the time of his death.
3. Harrah's Casino, which is a boat, does not have a restaurant. Plaintiff did not go to the casino for the purpose of eating or entertaining clients; instead, plaintiff entered the casino for the purpose of gambling. At the time of his death, no receipt or credit card vouchers were present showing the normal purchase of any meal on February 6, 1995. Moreover, postmortem examination of Mr. Smith's gastrointestinal tract did not lead to the detection of any undigested food in his system.
4. Mr. Smith's arteriosclerotic condition was a significant factor in the causation of his heart attack and death. Plaintiff had significant heart disease and a narrowing of his coronary arteries as a result of arteriosclerosis which had developed over a long period of time. Plaintiff's long-term history of smoking over twenty years, enlarged heart, unmedicated high cholesterol level, exogenous obesity, and increased lipid levels were all risk factors that subjected him to an increased risk of coronary artery disease. In addition, plaintiff had high, excessive and greater than normal glucose and cholesterol levels prior to his death.
5. Plaintiff has produced no credible medical evidence that job stress was a significant factor in causing Mr. Smith's arteriosclerotic heart condition and/or heart attack and his death. Plaintiff never visited or was treated by a psychiatrist or psychologist prior to his death for depression and/or stress-related problems.
6. Cardiovascular disease specialist Dr. Gerald Galst was requested by plaintiff's counsel to render an expert medical opinion as to the cause of plaintiff's death. In his initial report dated May 30, 2000, Dr. Galst indicated that he was not in a position to state how significant a factor stress was in plaintiff's death. Plaintiff's counsel engaged in several communications with Dr. Galst after the release of the initial report informing Dr. Galst that at the time of plaintiff's death he was under substantial job related stress. Subsequently, on June 21, 2000, Dr. Galst later changed and "revised" his second report to state that plaintiff's obesity was a major factor, but the most significant factors causing plaintiff's heart attack were smoking, diabetes, and stress. However, Dr. Galst's opinion is not credible because he relied solely on plaintiff's medical records and autopsy report and the opinions of plaintiff's counsel in forming his opinion and had no direct knowledge of plaintiff's employment conditions with defendant and had never seen or treated plaintiff prior to his death.
7. Dr. Bonita J. Peterson performed an autopsy of plaintiff. Dr. Peterson could not state to any degree of medical certainty that job stress was a factor in causing plaintiff's arteriosclerotic condition.
8. Traveling was an essential requirement of plaintiff's marketing representative position and it was normal for plaintiff to pursue leads as they arose. It was not a departure from plaintiff's normal work routine for him to travel several times monthly; however, plaintiff's trip on February 6, 1995 was entirely at his discretion.
9. The greater weight of the competent evidence does not establish that work-related stress was a cause of plaintiff's heart attack and death. Plaintiff's visit to Harrah's Casino was a personal errand and deviation from his normal work routine. Plaintiff's heart attack and death did not occur in the course and scope of his employment with defendant.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff's evidence is insufficient to establish that the deceased was acting in the course and scope of his employment with defendant-employer. Plaintiff's evidence is also insufficient to establish that job stress was a cause of the death of Mr. Smith, rather than his smoking, high cholesterol levels and his arteriosclerosis. Plaintiff has failed to carry the burden of proof in this case that the deceased's heart attack is compensable as an injury by accident as defined by the North Carolina Workers' Compensation Act. N.C.G.S. §97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim under the law is hereby DENIED.
2. Each side shall bear its own costs, except the defendants shall pay an expert witness fee of $250.00 to Dr. Gerald Galst if they have not already done so.
This the ___ day of February 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________ RENE S. RIGGSBEE COMMISSIONER
DISSENTING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER